## DELAWARE, L. & W. R. CO. v. BERRY.
### No. 4453.

Circuit Court of Appeals, Third Circuit.
March 31, 1931.

Frederic B. Scott, of New York City, for appellant.

De Voe Tomlinson and Coult, Satz & Tomlinson, all of Newark, N. J., for appellee.

Before DAVIS, Circuit Judge, and THOMSON and WATSON, District Judges.

WATSON, District Judge.

This action was under the Federal Employers' Liability Act (45 USCA §§ 51–59) to recover damages for personal injuries to plaintiff while he was in the employ of the defendant. The trial resulted in a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

At the time of the injury complained of, plaintiff was employed by the defendant as a policeman at Port Morris Transfer. It was his duty to inspect at that point the railroad cars, especially those containing valuables. He worked from 7 p. m. until 7 a. m. at the Port Morris Transfer station. On the north side of the transfer platform there were several tracks. The first track was called No. 2; the second track No. 1. These tracks were used for transferring freight. The third track was called "Receiver." At the time of the accident, it was also being used for transfer. The fourth track was known as a running track. It carried main-line traffic. Hereinafter it is referred to as track No. 4.

The plaintiff had received orders to inspect a certain car which was to come in on track No. 4. He and his co-worker had worked for seven years inspecting cars at Port Morris Transfer, and, when they inspected the same train, one usually took one side of the train and the other took the other side. When they saw on track No. 4 the train with the car which was to be inspected. they left the platform, crossed over track No. 2 and track No. 1. To do this, they were required to pass between standing cars which were about 100 feet apart on the tracks. The plaintiff, when he reached the receiving track (track No. 3), looked both up and down the track, and, seeing nothing approaching, started to cross. As he was doing so, he was hit by a box car, thrown into the center of the track, and the wheels of the car ran over him and severed his right leg. The train, after passing over him, collided with cars which stood on the east end of the same track.

■ The plaintiff claimed that, during the time that he had worked at the Transfer Station at Port Morris, there existed a custom of having lights upon the leading ends of cars running through the yards at nighttime. In support of this claim, the plaintiff produced evidence.

As to whether there was such a custom was a question of fact for the jury. The plaintiff seems to have relied upon such a custom. There was evidence that no light was displayed and no warning given of the approaching of the train. Plaintiff contended that the absence of the light was a negligent omission, and warranted a recovery of damages. The jury apparently took the same view.

■ The defendant assigns as error the refusal of the court to charge the jury as requested in its first and third points for charge.

As to the first point, the court stated that he did not think it was objectionable, and would undoubtedly have charged the jury, as requested in the point, had he not been led to believe from the remarks of counsel for the defendant that he objected to having the point read, under which circumstances the court was justified in not reading it, and the defendant should not be permitted to take advantage of the court's failure to charge as requested in the point.

The third point for charge reads as follows:

"3. The defendant requests the Court to charge, and the Court does charge you that on the evidence in this case it must be held that Berry knew how switching was done in the Port Morris yard, and in the absence of proof that he was exposed to some unusual danger by reason of the departure of the practice generally followed, it cannot be held that the defendant railroad company was in duty bound to give him a warning."

There was evidence in the case that the practice generally followed was to have lights on the leading ends of cars when moving through the yards in the nighttime, and that this custom was departed from at the time of the injury. It was for the jury to find as a matter of fact whether or not this departure from custom amounted to a negligent omission, and whether plaintiff's injury resulted therefrom. The court could not as a matter of law charge the jury that there was an absence of proof of unusual danger by reason of this departure from custom. It was not necessary for the plaintiff to show some other unusual danger. Furthermore, the point as drawn is ambiguous and confusing.

The judgment is affirmed.